Ronald LEWIS, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Nov. 27, 1968.

Richard A. Paul, Asst. Public Defender, Wilmington, for appellant.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a conviction of first degree burglary and the denial of a

motion for judgment of acquittal. One point only is raised, viz., that there was a fatal variance between the State's proof and the indictment.

Lewis was indicted under 11 Del.C. § 392, which provides that whoever, in the nighttime, breaks and enters the dwelling of another with intent to commit murder or rape shall be guilty of first degree burglary. The indictment charges Lewis with breaking and entering his victim's dwelling with intent to commit rape.

■ There is no dispute as to the applicable law. An indictment for burglary is required to specify the particular felony the defendant intended to commit following his breaking and entering, State v. Minnick, Del., 168 A.2d 93, and that felonious intent must exist at the time of the breaking and entering. 13 Am.Jur.2d, Burglary, § 24.

The facts are that the victim was asleep in an upstairs bedroom on the night in question. She was awakened by Lewis * who told her not to move, that he was going to kill her, and that he wanted her money. Lewis began to choke her. She struggled. The struggle went on for a period of time, continued across the room, down the stairs, and into the front room of the first floor. At this point, Lewis told the victim he was going to rape her and, in fact, tried to do so. She continued to resist and finally broke away from him, got outside the house and fled up the street.

Upon these facts, Lewis contends that there was a fatal variance in the State's case because of the victim's testimony that the first words uttered by Lewis after the breaking and entering were to the effect that he was going to kill her and wanted her money. It is argued that necessarily therefore the felonious intent accompanying the breaking and entering was murder and not rape, since he formed a design to commit rape only later in the course of the struggle.

■ We think, however, to the contrary. The actions of Lewis after breaking and entering the dwelling support the conclusion that Lewis at the time intended to commit murder, rape and robbery. The intent to murder is demonstrated by his threats to that effect, and the intent to rob is demonstrated by his demand for money backed up by threats and force. The intent to rape is demonstrated by his entry into the victim's bedroom, his physical harassment and beating of her, his oral threat to rape her, and, finally, his actual attempt to do so.

There is no reason at all why Lewis at the time of the breaking and entering could not have intended robbery, rape, and, if necessary to accomplish those two, murder as well. Quite apparently, the jury was of this view, and we think the facts justify its conclusion.

■ The State is not required to prove by direct evidence the specific felonious intent in a charge of burglary. Of necessity, this intent may be proven only by inferences drawn from the actions of the defendant, since burglars do not as a matter of course record for the State's convenience the felonious intent with which they break and enter. If, therefore, a breaking and entering occurs and the culprit's later actions amount to an attempt to commit a rape, he is presumed to have broken and entered with that intent in his mind.

There is, therefore, no variance between the State's proof and the indictment in this case.

The judgment below is affirmed.

---

* In the court below an argument was made by Lewis that he had not been properly identified as the assailant, but that argument is not raised before us. We therefore accept as proven that it was in fact Lewis who assailed the victim.